# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| COREY OWEN BALZER, ) | Case No. 6:10-bk-18514-KSJ |
| ) | Chapter 7 |
| Debtor. ) | |
| ──────────────────── ) | |
| ) | |
| HOSPITALITY INNOVATIONS, ) | |
| LLC, a Florida Limited Liability ) | |
| Corporation; and ) | |
| KEVIN ENDERLE, as an Individual, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | |
| ) | |
| COREY OWEN BALZER, ) | Adv Pro. No. 6:11-ap-00015-KSJ |
| ) | |
| Defendant. ) | |
| ──────────────────── ) | |

## MEMORANDUM OPINION
## GRANTING DEFENDANT'S MOTION TO DISMISS

The plaintiffs, Hospitality Innovations, LLC, and Kevin Enderle, filed a complaint apparently to object to the discharge of certain claims they may have against the defendant and debtor, Corey Owen Balzer.[1] In response, the debtor/defendant filed a motion to dismiss under Rule 12(b)(6) on the grounds that the plaintiffs failed to state a claim upon which relief can be granted.[2] The Court agrees that the plaintiffs' complaint fails to state a claim under § 523 of the Bankruptcy Code and will dismiss this adversary proceeding without prejudice.[3]

The plaintiffs' complaint contains a mere rehashing of their claims raised in their state court complaint.[4] They allege that they are entitled to damages in excess of $15,000.00 arising

---

[1] Doc. No. 1.
[2] Doc. No. 8.
[3] Unless otherwise stated, all references to the Bankruptcy Code herein refer to Title 11 of the United States Code.
[4] The state court action is styled as *Hospitality Innovations, LLC, a Florida limited liability corporation; and Kevin Enderle, as an Individual, Plaintiffs, v. Piece of the Pie, LLC, a Florida limited liability corporation; Cory Balzer, and Geoffrey Gaskin, as Individuals*, in the Circuit Court of the Ninth Judicial Circuit, Orange County, Florida, case number 2009 CA 23136.

from their pending state court claims: (Count 1) Fraud in the Inducement; (Count II) Violation of Florida Franchise Act (Fla. Stat. § 817.416); (Count III) Violation of Florida's Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.204); and (Count IV) Request for Attorney's Fees.[5] The complaint asserts no claim under the Bankruptcy Code or any reason why, even if the debtor/defendant does owe the plaintiffs money, the debt is not dischargeable. Therefore, the plaintiffs essentially are asserting a proof of claim, instead of making a suitable demand for relief under § 523, § 727, or any other provision in the Bankruptcy Code.

The basis for the debtor/defendant's motion to dismiss is Rule 12(b)(6) of the Federal Rules of Civil Procedure.[6] Rule 12(b)(6) provides that before an answer is filed a defendant may seek dismissal of a complaint if the complaint fails to state a claim. As a result, disposition of a motion to dismiss under Rule 12(b)(6) focuses only upon the allegations in the complaint and whether those allegations are sufficient to state a claim for relief. In reviewing a motion to dismiss, courts must accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.[7]

Pursuant to Rule 8(a)(2) a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." [8] Rule 8(a)(3) requires a "demand for judgment for the relief the pleader seeks." Under Rule 8(a) it is necessary that the defendant is given fair notice of what the "claim is and the grounds upon which it rests."[9] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[10]

The plaintiffs' complaint attempts to rely on § 523(a)(2)(A) which provides that a discharge pursuant to § 727 does not discharge an individual from any debt to the extent that

---

[5] *Id.* at p. 1.
[6] Rule 12(b)(6) is made applicable in adversary proceedings by virtue of Bankruptcy Rule 7012.
[7] *Financial Security Assur., Inc. v. Stephens, Inc.,* 450 F.3d 1257, 1262 (11th Cir. 2006).
[8] Rule (8)(a) is made applicable in adversary proceedings by virtue of Bankruptcy Rule 7008(a).
[9] *Bell Atlantic Corp. v. Tombly,* 550 U.S. 554, 570 (2007)(citing *Conley v. Gibson*, 335 U.S. 41, 47, 78 (U.S. 1957)
[10] *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)(quoting *Bell Atlantic*, 550 U.S. at 556).

money, property, services, or credit, was obtained by false pretenses, a false representation, or actual fraud. The complaint however is flawed.

In order to establish a § 523(a)(2)(A) claim, a plaintiff must establish the traditional elements of common law fraud to prevail in a § 523(a)(2)(A) action: (i) debtor made a false representation with the purpose and intent to deceive the creditor; (ii) the creditor relied on the misrepresentation; (iii) the reliance was justified; and (iv) the creditor sustained a loss as a result of the misrepresentation.[11] The plaintiffs' complaint does not explicitly refer to any of the elements of a § 523(a)(2)(A) action, although it does contain allegations that loosely parallel a few of these elements. The complaint does not explain or even make a slight note of the significance of such allegations in relation to § 523(a)(2)(A) or any other Bankruptcy Code provision. Instead, the plaintiffs rely on their state court causes of action, as the only demand for relief made are for damages stemming from: (Count 1) Fraud in the Inducement; (Count II) Violation of Florida Franchise Act; (Count III) Violation of Florida's Deceptive and Unfair Trade Practices Act; and (Count IV) Request for Attorney's Fees.

The plaintiffs' complaint falls short of enabling the Court to infer a legal basis on which relief may be granted because their complaint fails to properly plead a § 523 (or any other bankruptcy) cause of action. The Federal Rules of Civil Procedure require the defendant receive "fair notice of what the plaintiff's claim is and the grounds upon which it rests."[12] In this case, the plaintiffs' complaint reeks of uncertainty and consequently deprives the debtor satisfactory notice.

For these reasons, the Court holds that the plaintiffs have failed to state a legal basis on which relief may be granted. The Court will grant the debtor/defendant's motion to dismiss under Rule 12(b)(6) without prejudice. Plaintiffs may file an amended complaint, if desired, that addresses the defects discussed in this opinion by **July 29, 2011**. If an amended complaint is

---

[11] *SEC v. Bilzerian (In re Bilzerian),* 153 F.3d 1278, 1281 (11th Cir. 1998); *Fuller v. Johannessen (In re Johannessen),* 76 F.3d 347, 350 (11th Cir. 1996).
[12] *Conley v. Gibson*, 355 U.S. 41, 78 (U.S. 1957).

timely filed, defendants shall file an answer to **August 26, 2011**. The pretrial conference scheduled for July 21, 2011, is rescheduled until **September 22, 2011, at 11:00 a.m.** A separate order consistent with this Memorandum Opinion shall be entered simultaneously.

DONE AND ORDERED in Orlando, FL, on July 6, 2011.

/s/ Karen S. Jennemann cxc

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

John D. Metcalf/Matthew D. Black/Phillip S. Smith, McLin & Burnsed PA, 1000 W. Main Street, Leesburg, FL  34748

Cynthia Winter/Michael B. Jones, The Wheelock Law Firm LLC, 7601 Della Drive, Suite 19, Orlando, FL  32819